PHILLIPS & ASSOCIATES, P.C., an Arizona corporation; Phillips & Associates, an Arizona corporation; and Pacific Law Center, a California corporation, Plaintiffs/Counterdefendants,

v.

NAVIGATORS INSURANCE COMPANY, a New York corporation, Defendant/Counterclaimant.

Navigators Insurance Company, Third–Party Plaintiff,

v.

Robert F. Clarke; Jeffrey L. Phillips; and Robert Arentz, Third–Party Defendants.

No. CV–10–781–PHX–DGC.

United States District Court, D. Arizona.

Feb. 11, 2011.

Jathan Paul McLaughlin, John Albert Elardo, Venessa Joan Bragg, The Elardo Law Firm, Phoenix, AZ, for Plaintiffs/Counterdefendants.

John Charles Hendricks, Kurt M. Zitzer, Meagher & Geer PLLP, Scottsdale, AZ, Mary E. Borja, Mary Catherine Martin, Richard A. Simpson, Wiley Rein LLP, Washington, DC, for Defendant/Counterclaimant.

## ORDER

DAVID G. CAMPBELL, District Judge.

Plaintiffs seek a declaratory judgment that insurance policies issued by Defendant Navigators Insurance Company ("Navigators") provide coverage for legal malpractice claims asserted against Plaintiffs and Third–Party Defendant Robert Clark (the "Insureds") in *Aganowski v. Pacific Law Center,* No. 37–2009–93677– CU–PN–CTL (Super.Ct.Cal. July 9, 2009) (the *"Aganowski* action"). Doc. 1–1 at 3– 13. Navigators and the Insureds have filed motions for partial judgment on the pleadings with respect to Count II of Navigators' Counterclaim: "For a Declaration that Navigators is Entitled to Recover Amounts Paid Under the 2009 Policy and Money Judgment." Doc. 12 at 22. Partial judgment in favor of Navigators would permit Navigators to recoup amounts paid in defending and settling the *Aganowski* action, provided it prevails on the merits of the coverage dispute. Doc. 49 at 1–2. Granting the Insureds' cross-motion would establish that Navigators is not entitled to recoup amounts paid, even if Navigators prevails on the merits of the coverage dispute. Doc. 57 at 2. The motions are fully briefed. Docs. 49, 57, 63. No party has requested oral argument. For the reasons stated below, Navigators' motion will be granted and the Insureds' cross-motion denied.

## I. Legal Standard.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.,* 179 F.3d 698, 699 (9th Cir.1999); *see Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 955 (9th Cir.2004) (stating that in ruling on a Rule 12(c) motion the Court must accept as true all allegations in the non-moving party's complaint and treat as false the allegations in the moving party's answer that contradict the non-moving party's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the non-moving party to a remedy. *See Merchants Home Delivery Serv., Inc. v. Hall & Co.,* 50 F.3d 1486, 1488 (9th Cir.1995). The Court cannot consider evidence outside the pleadings unless the Court treats the motion for judgment on the pleadings as a motion for summary judgment under Rule 56. Fed.R.Civ.P. 12(c).

## II. Analysis.

The parties dispute whether Arizona or California law applies. Docs. 49 at 6–7, 57 at 3–5, 63 at 3–5. The Court need not decide this issue, given that the result would be the same under the laws of both states. *See Gianaculas v. Trans World Airlines, Inc.,* 761 F.2d 1391, 1393 (9th Cir.1985). Both Arizona and California recognize that an insurer's unilateral reservation of rights is proper, absent bad faith and provided notice is given to the insured. *See, e.g., Damron v. Sledge,* 105 Ariz. 151, 460 P.2d 997, 1001 (1969) ("Where the carrier sends its insured a notice that it is reserving its rights ... it is almost uniformly held that by this notice the company may defend ... without thereby waiving its right to raise the question of liability under the terms of the policy at a later date."); *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal.4th 489, 106 Cal. Rptr.2d 535, 22 P.3d 313, 317 (2001) ("An insurer can reserve its right to assert non-

coverage unilaterally merely by giving notice to the insured. By accepting the insurer's defense under these circumstances the insured is deemed to have accepted this condition."). Here, Navigators provided the Insureds with express notice of its reservation both at the time it accepted the Insureds' defense and at settlement. Docs. 1–1 ¶ 20, 57 at 3.

Even though they can cite no case in support, the Insureds claim that Navigators lost its right to contest coverage and recover defense and settlement costs when it settled the *Aganowski* action with the Insureds' consent. The Insureds cite Arizona's public policy in favor of protecting the insured as support for this novel proposition. Doc. 57 at 5 (citing *First Am. Title Ins. Co. v. Action Acquisitions, LLC*, 218 Ariz. 394, 187 P.3d 1107 (2008); *Eureka–Sec. Fire & Marine Ins. Co. v. Simon*, 1 Ariz.App. 274, 401 P.2d 759 (1965); *Ariz. Fire Ins. Co. v. Dillingham*, 23 Ariz. 508, 205 P. 589 (1922)). While this public policy certainly applies where there is uncertainty as to the insurance company's defense of the insured or its willingness to settle on reasonable terms, different considerations control where the insured has received notice of the reservation of rights, has been provided a defense, and expressly consents to the settlement. *Blue Ridge*, 106 Cal.Rptr.2d 535, 22 P.3d at 321; Doc. 57 at 5. If an insurer waived its coverage position simply by settling a claim for the insured, the insurer would be forced either to refuse to settle and face a bad faith claim, or to settle the lawsuit and lose its coverage defenses. *Blue Ridge*, 106 Cal. Rptr.2d 535, 22 P.3d at 321. The "resulting Catch–22 would force insurers to indemnify non-covered claims," violating "basic notions of fairness." *Id.*

Permitting an insurer to make a reservation of rights not only protects against unjust enrichment of the insured, but also "advances significant public policy consid-

erations." *Blue Ridge*, 106 Cal.Rptr.2d 535, 22 P.3d at 321. It provides for the settlement of cases when coverage is uncertain, and thus ensures compensation of the injured party by placing "the risk that the insured may not be financially able to pay the injured party's damages" on the insurer. *Id.*

The Insureds cite *United Services Automobile Association v. Morris*, 154 Ariz. 113, 741 P.2d 246 (1987), for the proposition that the law favors protecting the insured and preventing the insurer from "control[ling] the conditions of payment." 741 P.2d at 252; Doc. 57 at 6. As the Court stated when the Insureds sought to amend their pleadings to add a bad faith claim, reliance on *Morris* is misplaced. Doc. 50 at 3. The insureds in *Morris* unilaterally entered into a settlement agreement with claimants in an effort to avoid the potential for extensive personal liability under a reservation of rights. *Morris*, 741 P.2d at 248–49. The court held that such an agreement between the insureds and claimants did not breach the insureds' cooperation obligation. *Morris*, 741 P.2d at 254.

The Insureds in this case, however, cooperated with Navigators in settling the *Aganowski* action and did not seek to enter into a *Morris* agreement with the claimants. The Insureds do not dispute that they demanded that Navigators settle within policy limits (*see* Doc. 43–1 at 19–20), that Navigators did settle within policy limits, and that the Insureds agreed to the settlement amount (Docs. 38–3 at 17, 39–3 at 5). Thus, unlike the insureds in *Morris*, the Insureds here did not need protection from " 'the sharp thrust of personal liability.' " *Morris*, 741 P.2d at 251 (citing *Ariz. Prop. & Cas. Ins. Guar. Fund v. Helme*, 153 Ariz. 129, 735 P.2d 451, 459 (1987); *Damron*, 460 P.2d at 999). The Insureds "assented to the reasonableness

and desirability of a policy limits settlement and declined to pursue their own defense," despite knowledge that Navigators would seek reimbursement if it later was determined that the settlement lacked coverage. *Progressive W. Ins. Co. v. Dallo,* No. 07CV1003 IEG (BLM), 2007 WL 3225439, at *8 (S.D.Cal. Oct. 30, 2007).

The Insureds cite Texas cases as further support for their argument that an insurer cannot unilaterally reserve its right to reimbursement over an insured's objection. Doc. 57 at 6–7 (citing *Excess Underwriters at Lloyd's London v. Frank's Casing Crew & Rental Tools, Inc.,* 246 S.W.3d 42 (Tex. 2008); *Texas Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County,* 52 S.W.3d 128 (Tex.2000)). The Court does not find these cases persuasive. In *Matagorda County,* the court held that an insurer who settled a lawsuit pursuant to a reservation of rights was not entitled to seek reimbursement, given that the insurer did not obtain the insureds' "clear and unequivocal consent to the settlement and the insurer's right to seek reimbursement." 52 S.W.3d at 134–35. The Insureds contend that, like the insureds in *Matagorda County,* they did not expressly consent to Navigator's reservation of rights. Doc. 57 at 7. But this case is not governed by Texas law. Moreover, in *Matagorda County,* "almost two years elapsed between the time [the insurer] filed its declaratory-judgment action and the date it settled." 52 S.W.3d at 135 n. 6. In this case, only five days elapsed between the time the insured filed the declaratory judgment and Navigators settled. Docs. 1–1 at 3, 28 ¶ 48. Thus, unlike the insurers in *Matagorda County,* Navigators did not have the opportunity to resolve the coverage dispute prior to the settlement. *Blue Ridge,* 106 Cal.Rptr.2d 535, 22 P.3d at 323 (also distinguishing its case from *Matagorda County* on these grounds).

The Insureds contend that *Blue Ridge* is not controlling because Navigators has failed to meet one of the *Blue Ridge* prerequisites: an insurer must make "an express offer to the insureds that they may assume their own defense when the insurer and insureds disagree whether to accept the proposed settlement." *Blue Ridge,* 106 Cal.Rptr.2d 535, 22 P.3d at 320; Doc. 57 at 9. Although the Insureds allege they were not expressly given the opportunity to assume their own defense, they admit to signing a waiver on October 21, 2009 with respect to their right to select independent counsel. Docs. 28 ¶ 47, 12 ¶ 47. The *Blue Ridge* court analyzed how this requirement had been interpreted in the past, noting that when the insureds know from the outset that they could be held responsible for payments the insurer makes, " 'there is in fairness no need for the insurer to offer the defense to the insured.' " *Blue Ridge,* 106 Cal.Rptr.2d 535, 22 P.3d at 319 (citing *Golden Eagle Ins. Co. v. Foremost Ins. Co.,* 20 Cal.App.4th 1372, 25 Cal.Rptr.2d 242, 256 (1993)). Here, the Insureds admit that Navigators reserved its rights upon initially accepting the defense, which was seven months prior to the settlement date. Doc. 28 ¶ 46. The Insureds were aware of this reservation well before settlement and did not disagree with Navigators on whether to accept settlement. Doc. 57 at 3. Navigators therefore satisfied all prerequisites to seeking reimbursement under a reservation of rights.

The Court will grant Navigators' motion for partial judgment on the pleadings and deny the Insureds' cross-motion.

**IT IS ORDERED:**

1. Navigators' motion for partial judgment on the pleadings (Doc. 48) is **granted.**

2. The Insureds' cross-motion (Doc. 58) is **denied.**

3. Navigators may recoup amounts paid in defending and settling the *Aganowski* action, provided it prevails on the merits of the coverage dispute.